IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA, DAVENPORT DIVISION

| | |
|---|---|
| LILLIAN SLATER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 07 C 125 |
| v. ) | |
| ) | |
| SCOTT COUNTY, SCOTT COUNTY ) | |
| SHERIFF'S OFFICE, SCOTT COUNTY ) | |
| SHERIFF DENNIS CONARD, in his official ) | |
| and individual capacities, GREG GAUDET, ) | |
| WILLIAM LOMBA, MARTIN KEARNEY, ) | |
| TAMARA MITCHELL, CASEY ) | |
| HENDERSON, UNKNOWN ) | |
| CORRECTIONAL OFFICERS, SCOTT C. ) | |
| LUDWIG, NICOLE FLOWERS, SHARON ) | |
| GERTH, and UNKNOWN MEDICAL STAFF, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT

Plaintiff, LILLIAN SLATER, by her attorneys, LOEVY & LOEVY, complains of Defendants SCOTT COUNTY, SCOTT COUNTY SHERIFF'S OFFICE, SCOTT COUNTYSHERIFF DENNIS CONARD, in his official and individual capacities, GREG GAUDET, WILLIAM LOMBA, MARTIN KEARNEY, TAMARA MITCHELL, CASEY HENDERSON, UNKNOWN CORRECTIONAL OFFICERS (collectively, the above Defendants will be referred to as "Correctional Officers"), SCOTT C. LUDWIG, NICOLE FLOWERS, SHARON GERTH, AND UNKNOWN MEDICAL STAFF (collectively these final three identified Defendants will be referred to as "Medical Staff"), as follows:

## Introduction

1. This action is brought under 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

## Jurisdiction and Venue

2. This Court has jurisdiction of the action under 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all individual parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

## Factual Allegations

4. Lillian Slater Suffers from Sickle Cell Anemia, a medical condition that causes severe pain.

5. On January 25 to 26, 2006, Lillian Slater was detained at the Scott County Jail.

6. While being held in the jail, Ms. Slater endured a painful flare-up of her Sickle Cell Anemia, which required medical attention to alleviate.

7. Instead of providing medical care to alleviate her medical condition, the Correctional Officers and Medical Staff refused her medical assistance and instead caused Ms. Slater to be physically restrained in a "restraining chair" for at least seven hours.

## Count I – 42 U.S.C. § 1983: Deliberate Indifference

8. Each Paragraph of this Complaint is incorporated as if restated fully herein.

9. As described more fully above, while Plaintiff was incarcerated at the Scott County Jail, Defendants failed to provide her with adequate medical attention.

10. As a result of the unjustified and unconstitutional conduct of Defendants, Plaintiff has suffered pain and injury, as well as emotional distress.

11. In this manner, the conduct of Defendants violated the 14th Amendment to the U.S. Constitution in that it was objectively unreasonable and deliberately indifferent to Plaintiff's objectively serious medical needs.

12. The misconduct described in this Count was undertaken with malice, willfulness, and deliberate indifference to the rights of others.

13. The actions of Defendants proximately caused the injuries suffered by Plaintiff.

14. The misconduct described in this Count was undertaken under the policy and practice of Scott County, Scott County Sheriff's office, and Scott County Sheriff Dennis Conard in that:

   a. As a matter of both policy and practice, the Scott County Sheriff directly encourage, and is thereby the moving force behind, the very type of constitutional violation at issue here by failing to adequately train, supervise and control its correctional officers and health care providers such that their failure to do so manifests deliberate

indifference. Specifically, these Correctional Officers and Medical Staff provide woefully inadequate medical attention to inmates of the Scott County Jail who are in need;

    b.    As a matter of both policy and practice, the Scott County Sheriff facilitate the very type of constitutional violation at issue here by failing to adequately punish and discipline prior instances of correctional officers and health care providers' failure to provide adequate medical attention to inmates of the Scott County Jail, thereby leading correctional officers and health care providers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

    c.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, correctional officers and health care providers at the Scott County Jail violate the constitutional rights of citizens by failing to provide adequate medical attention in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Scott County Sheriff makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Policy-makers with final policy-making authority are aware of (and condone and facilitate by their inaction) a "code of silence" in the Scott County Jail by which correctional officers and health care providers fail to report the failure to provide detainees with adequate medical attention, such as the failure at issue in this case; and

e. The Scott County Sheriff has failed to act to remedy the patterns of constitutional violation described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

15. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff has suffered damages, including but not limited to pain and injury and emotional distress.

### Count II – 42 U.S.C. § 1983: Excessive Use of Force

16. Each Paragraph of this Complaint is incorporated as if restated fully herein.

17. As described in the preceding paragraphs, the conduct of all Defendants, acting under color of law, constituted excessive force in violation of the United States Constitution.

18. The misconduct described int his Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights

19. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

20. The misconduct described int his Count was undertaken under the policy and practice of the Scott County Sheriff and Scott County in the same manner as described above.

21. As a result of the Correctional Officers' and/or Medical Staff's unjustified and excessive force, as well as the Scott County Sheriff's and Scott County's policies and

practice, Plaintiff experience pain and suffering, incurred expenses, and suffered injury and emotional distress.

### Count III – 42 U.S.C. § 1983: Violations of United States Constitution

22. Each Paragraph of this Complaint is incorporated as if restated fully herein.

23. In the manner described more fully above, Defendants violated Plaintiff's constitutional rights, causing her damage. Among others, Defendants violated Plaintiff's rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

24. Defendants also reached an agreement to deprive Plaintiff of her constitutional rights by illicit means, and one or more of Defendants took action(s) to further this conspiracy, all in violation of both state and federal law.

25. The misconduct described herein was objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of other such that the Defendants' actions shock the conscience.

26. Plaintiff's injuries were proximatel caused by a policy and practice on the part of Scott County and the Scott County Sheriff as described above. In this way, Scott County and/or the Scott County Sheriff violated Plaintiff's rights by maintaining policies and practices that were the moving force driving the foregoing constitutional violations.

### Count IV – State Law Claim: Intentional Infliction of Emotional Distress

27. Each Paragraph of this Complaint is incorporated as if restated fully herein.

28. As described more fully in the preceding paragraphs, Defendants engaged in extreme and outrageous conduct with respect to Plaintiff in that they refused to provide her with adequate medical attention despite her objectively serious need and instead physically restrained her for at least seven hours.

29. The misconduct described in this Count was undertaken with intent or knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

30. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference tot he rights of others.

31. As a proximate result of this misconduct, Plaintiff suffered severe physical pain, emotional distress, and anguish.

### COUNT V - State Law Claim: Battery

32. Each paragraph of this Complaint is incorporated as if restated fully herein.

33. As described above, Defendants used force against Plaintiff, resulting in harmful or offensive contact.

34. In using force against Plaintiff, Defendants intended to cause physical pain or injury, to be insulting, and/or to cause offensive contact.

35. The misconduct described in this Count was undertaken with malice, willfulness, and/or reckless indifference to the rights of others.

36.  As a proximate result of this misconduct, Plaintiff suffered severe physical pain, emotional distress, and anguish.

## Count VI - State Law Claim: *Respondeat Superior*

37.  Each paragraph of this Complaint is incorporated as if restated fully herein.

38.  In committing the acts alleged in the preceding paragraphs, each of the Defendants acting at all relevant times within the scope of their employment.

39.  Defendant Scott County and/or Scott County Sheriff is a principal liable for all torts committed by its agents.

## COUNT VII - State Law Claim: Indemnification

40.  Each paragraph of this Complaint is incorporated as if restated fully herein.

41.  Iowa law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

42.  The Correctional Officers and Medical Staff at all relevant times were employees of Scott County and/or the Scott County Sheriff, for which Scott County and/or the Scott County Sheriff is responsible, and acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, LILLIAN SLATER, respectfully requests that this Court enter judgment in her favor and against Defendants, awarding compensatory damages and

attorneys' fees, along with punitive damages against all Defendants in their individual capacities.

## JURY DEMAND

Plaintiff, Lillian Slater, hereby demands a trial by jury under Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Mark Reyes
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900